**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**
**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARWA A.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-381**     (Fam. Ct. Kanawha Cnty. Case No. FC-20-2015-D-1431)

**MOHAMED A.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Marwa A.[1] appeals the Family Court of Kanawha County's August 2, 2023, order denying her petition for the modification of custody and its May 20, 2024, order denying her motion for reconsideration of the same. One of the primary issues for our consideration is whether the family court erred in denying Marwa A.'s petition to modify custody without holding a hearing and without affording her an opportunity to present evidence. Respondent Mohamed A. responded in support of the family court's decisions.[2] Marwa A. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's August 2, 2023, decision is reversed, and the case is remanded for further proceedings consistent with this decision.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Marwa A. is represented by James M. Pierson, Esq., who, for a brief time during the family court proceedings, was not practicing law. Mohamed A. is represented by Timothy A. Bradford, Esq.

Our Court previously addressed multiple underlying issues in this case.[3] Thus, because those decisions contain detailed factual recitations, we only need to briefly discuss the background facts of the case in this decision. Mohamed A. ("Father") and Marwa A. ("Mother") are the parents of two minor children, born in 2011 and 2014. The parties were divorced by an order entered on February 21, 2017. Per the divorce order, Mother was granted most of the parenting time. However, after a series of contempt petitions alleging parental alienation were filed against Mother, physical custody of the children was transferred to Father by orders entered on September 13, 2022, and October 12, 2022, holding that Mother would have no visitation for six months.[4] In the October 12, 2022, order, the family court held that at the end of the six month time frame, Mother was permitted to file a petition for modification if certain conditions were met. First, the family court required that a visit was recommended by the children's therapist. Next, the family court required that Mother take responsibility for the parental alienation and attend therapy.

On April 28, 2023, Mother filed a motion to reconsider the family court's September 13, 2022, and October 12, 2022, orders, in which she argued that the basis for the family court's parental alienation finding was unsupported by the facts of the case and current parental alienation research. On June 1, 2023, Mother also filed a petition for the modification of custody seeking to reestablish visitation. In her petition, Mother alleged that a substantial change of circumstances had occurred based upon the following: (1) the passage of more than the court-ordered six-month requirement, (2) Mother should be granted the opportunity to rebut the psychological report prepared by Saar Psychological, (3) the upcoming school year was approaching, and (4) the family court's prior ruling had placed the children in severe risk of further abuse at the hands of Father during the court-mandated six-month period of no visitation. The family court denied Mother's motion to reconsider by order entered on August 1, 2023, holding that Mother's arguments made in her motion for reconsideration were appropriate for an appeal, not in a motion to reconsider. The next day, on August 2, 2023, the family court entered its order denying Mother's petition for modification, holding that Mother did not allege a change in circumstances and that Mother's petition was solely based on her assertions that her psychological report was wrong.

Shortly thereafter, Mother filed a motion to disqualify the family court judge. The family court judge submitted the motion, along with her response in opposition to the motion, to Chief Justice Walker. Chief Justice Walker granted Mother's motion to

---

[3] *See Marwa A. v. Mohamed A.*, No. 23-ICA-93, 2023 WL 7203417 (W. Va. Ct. App. November 1, 2023) (memorandum decision) and *Mohamed A. v. Marwa A.*, No. 24-ICA-75, 2024 WL 3594345 (W. Va. Ct. App. July 30, 2024) (memorandum decision).

[4] Father resides in Virginia and the children have had no contact with Mother since Father obtained physical custody in October 2022.

disqualify by an order entered on August 21, 2023, designating another family law judge to preside. On September 18, 2023, Mother filed another motion to reconsider the family court's denial of her petition for modification.[5] A hearing was held on Mother's motion for reconsideration on May 9, 2024. The newly reassigned family court judge denied Mother's motion for reconsideration by order entered May 20, 2024, wherein it nevertheless commented, "A hearing should have been conducted on the Petition for Modification prior to its denial." It is from both the August 2, 2023, order denying Mother's petition for modification and the May 20, 2024, order denying her motion for reconsideration that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Mother initially raised five assignments of error on appeal but later added two additional assignments of error in her supplemental brief following the family court's decision on her motion for reconsideration. Several assignments of error are closely related, which we will consolidate. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

In her first, second, and third original assignments of error, Mother asserts that the family court was clearly wrong and/or abused its discretion when it denied her petition for modification without a hearing, failed to make sufficient findings of fact to justify its denial, and held that the only issue alleged in the petition was that Dr. Saar's report was wrong. In her supplemental assignments of error, Mother asserts that the family court was

---

[5] Mother's motion to reconsider was filed in the family court after the matter was appealed to this Court. Therefore, this Court remanded the matter to family court by order entered March 26, 2024, for the limited purpose of issuing an order on the September 18, 2023, motion for reconsideration. The family court entered an order denying the motion to reconsider on May 20, 2024. The case was placed back on this Court's active docket on June 13, 2024. Thereafter, the parties filed supplemental briefs, wherein Mother raised two additional assignments of error and Father filed responses to the same.

clearly wrong and/or abused its discretion when it stated during the May 9, 2024, hearing on her motion for reconsideration that she should have been afforded a hearing on her petition for modification but then failed to afford her a hearing. We agree.

Upon our review of the August 2, 2023, order denying Mother's petition for modification, the family court simply and summarily stated that, "[Mother] made no assertions that a substantial change of circumstances has actually occurred." The family court did not provide any other findings of fact or conclusions of law to support its decision and failed to address express terms of the October 12, 2022, order that specifically limited the restriction of Mother's custodial allocation to a six-month duration. The October 12, 2022, order contemplates Mother's opportunity to address the family court in a hearing to reestablish parenting time once the six-month period elapsed, and the August 2, 2023, order dismissing a petition to modify without a hearing is inconsistent with the earlier custody order. The Supreme Court of Appeals of West Virginia has remanded such wholly insufficient orders finding that:

> to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013).

We next discuss the family court's May 20, 2024, order denying Mother's motion for reconsideration. In that order, the family court stated, "The mere passage of time alleged in a petition for modification is not usually a ground for modification" and cites *Skidmore v. Skidmore*, 225 W. Va. 235, 691 S.E.2d 830 (2010). While we do not delve into the distinguishing facts of *Skidmore*, we do note one very important distinction. In the case at bar, the family court stated in its October 12, 2022, order that Mother was to have no parenting time or contact with the children for a period of three to six months. The petition for modification was filed after approximately seven months had passed following that order. The language requiring no parenting time for three to six months indicates that the court's October 12, 2022, order was merely a temporary order subject to automatic review after the passage of the mandated timeframe. "A time-limited order is, by definition, a temporary order." *See, e.g., Heather J. v. Clifford S.*, No. 23-ICA-394, 2024 WL 1270202, at *3 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision) (holding that because an

4

order with a limited time-frame was deemed a temporary order, Mother did not need to show a change in circumstances under West Virginia Code §§ 48-9-401 to 402, in filing a petition for modification). In addition to the October 12, 2022, order being time-limited, the family court agreed that Mother should have been afforded a hearing on her petition for modification and stated such in its May 20, 2024, order denying Mother's motion for reconsideration. Therefore, we reverse the family court's rulings in its May 20, 2024, order and remand this case with directions for the family court to conduct a timely hearing on whether Mother should be afforded any additional contact or parenting time with her children now that the court-mandated timeframe has long since passed.

Next, Mother contends that the family court erred when it failed to consider whether exceptional circumstances existed to justify a modification absent a showing of changed circumstances under West Virginia Code § 48-9-401(b) (2022).[6] Here, we conclude that the family court's failure to modify the parenting plan under this Code section was not erroneous, as the statute's language states the court "may" modify under exceptional circumstances, not "shall" modify.

Lastly, Mother argues that the family court failed to address whether the proposed modification was in the children's best interest. As stated above, the October 12, 2022, order was a temporary order. Mother was not required to show a change in circumstances or that the modification was in the best interest of the children. *See* West Virginia Code § 48-9-401 or § 48-9-402. Therefore, we conclude that whether more parenting time for Mother is in the best interest of the children shall also be heard on remand.

Accordingly, we reverse and remand to the Family Court of Kanawha County for further proceedings, consistent with this decision.

Reversed and Remanded with Directions.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[6] West Virginia Code § 48-9-401(b) states, "[i]n exceptional circumstances, a court may modify a parenting plan if it finds that the plan is not working as contemplated and in some specific way is manifestly harmful to the child, even if a substantial change of circumstances has not occurred."